**KRISHNA BALASUBRAMANI, OSB No. 94243**
E-mail: kbalas@sbhlegal.com
621 SW Morrison, Suite 600
Portland, Oregon 97205
Telephone: (503) 412-3104
Facsimile: (503) 721-9272

FILED'04 JUL 21 07:24USDC-ORP

Attorneys for Defendant Southwest Distributing Co. dba SWD Urethane Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN ROBERT OLEA,**<br><br>Plaintiff,<br><br>v.<br><br>**SOUTHWEST DISTRIBUTING CO.,** an active foreign (State of Arizona) corporation, also doing business under the name of **SWD URETHANE COMPANY**; **STEVEN J. PERKINS**, individually and in his official capacity as President of **SOUTHWEST DISTRIBUTING CO.**; and **STEVEN HURD**, individually and in his official capacity as National Sales Manager of Southwest Distributing Co.,<br><br>Defendants. | Case No. **'04 - 9 87    KI**<br><br><br>**NOTICE OF REMOVAL** |

1.    This action is presently pending in the Circuit Court of the State of Oregon for the County of Multnomah.

2.    The undersigned presently represents SWD Urethane Company.

3.    The named defendant Southwest Distributing Co. dba SWD Urethane Company is incorporated in Arizona with its principal place of business in Mesa, Arizona.

4.    The named defendant Steven J. Perkins is a resident of the State of Arizona.

5.    The named defendant Steven Hurd is a resident of the State of Arizona.

1 - NOTICE OF REMOVAL

SATHER, BYERLY & HOLLOWAY, LLP
621 SW MORRISON, SUITE 600
PORTLAND, OR 97205
PHONE (503) 225-5858 FAX (503) 721-9272

6.    Plaintiff's Complaint seeks economic damages in the amount of $830,000 and noneconomic damages in the amount of $1,000,000, and intends to seek punitive damages.

7.    In this civil action between citizens of different states, the matter in controversy exceeds the sum or value of $75,000, and the District Court of Oregon has original jurisdiction pursuant to 28 USC §1332.

8.    This action is removable under 28 USC §1332.

9.    Pursuant to 28 USC §1446, a copy of all process, pleadings and orders served on defendant are attached as Exhibit A.

WHEREFORE, defendant gives notice of the removal of this action from the Circuit Court of the State of Oregon, County of Multnomah, to this court under 28 USC §1332 and §1441.

DATED this 21st day of July 2004.

SATHER, BYERLY & HOLLOWAY, LLP

Krishna Balasubramani
OSB No. 94243
(503) 412-3104
Fax (503) 721-9272
kbalas@sbhlegal.com
Attorney for Defendant

SATHER, BYERLY & HOLLOWAY, LLP
621 SW MORRISON, SUITE 600
PORTLAND, OR 97205
PHONE (503) 225-5858 FAX (503) 721-9272

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2004, I filed an original and one copy of the

foregoing **NOTICE OF REMOVAL** by messenger with the following:

> Clerk of Court
> United States District Court
> District Court of Oregon
> 1000 SW Third Avenue
> Portland, OR  97204

I also hereby certify that on the 21st day of July 2004 I served a true copy of the

foregoing **NOTICE OF REMOVAL** by messenger on the following:

> Michael A. Gilbertson
> Ransom, Gilbertson, Martin & Ratliff, LLP
> 522 SW Fifth Ave., Suite 1390
> Portland, OR 97204
>
> *Attorney for Plaintiff*

SATHER, BYERLY & HOLLOWAY, LLP

Krishna Balasubramani
OSB No. 94243
(503) 412-3104
Fax (503) 721-9272
kbalas@sbhlegal.com
Attorney for Defendant

1 - CERTIFICATE OF SERVICE

# In the Circuit Court of the State of Oregon

### For the County of _____ Multnomah _____

STEVEN ROBERT OLEA,

_____

_____, Plaintiff(s),

vs.

SOUTHWEST DISTRIBUTING CO., an active
foreign (State of Arizona) corporation,
also doing business under the name of
SWD URETHANE COMPANY, et al
(Please see Attachment A to this Summons),

_____, Defendant(s).

0406-05969

Case No. _____

SUMMONS

(1) To  SOUTHWEST DISTRIBUTING CO.
W.A.S., Inc., Registered Agent
4201 North 24th Street, Suite 100
Phoenix, Arizona 85016

(2)   STEVEN J. PERKINS
(3)   STEVEN HURD
222 South Date Street
Mesa, Arizona 85201

_____, Defendant$^{s}$

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint. RANSOM, GILBERTSON, MARTIN & RATLIFF, L.L.P.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY / AUTHOR FOR PLAINTIFF
Hollis C. Ransom OSB No. 58078

Michael A. Gilbertson,  OSB No. 89247

ATTORNEY'S / AUTHOR'S NAME (TYPED OR PRINTED)        BAR NO. (IF ANY)
Suite 1390 Yeon Bldg., 522 SW 5th Ave.

ADDRESS
Portland, Oregon 97204

CITY        STATE        ZIP        5037
226.3664
PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED)        BAR NO.

STATE OF OREGON, County of _____ Multnomah _____ ) ss.

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

HOLLIS C. RANSOM, OSB No. 58078
for Michael A. Gilbertson        Michael A. Gilbertson, OSB No. 89247

ATTORNEY OF RECORD FOR PLAINTIFF(S)

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

RANSOM, GILBERTSON, MARTIN & RATLIFF, L.L.P.
MICHAEL A. GILBERTSON, OSB No. 89247
Attorneys for Plaintiff
503. 226.3664

ATTORNEY(S) FOR PLAINTIFF(S)

Page 1 — SUMMONS.

**EXHIBIT   A**

**PAGE   _____**

FORM No. 190 — SUMMONS ©2002
Stevens-Ness Law Publishing Co.
Portland, OR 97204
EL

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5              FOR THE COUNTY OF MULTNOMAH

6  STEVEN ROBERT OLEA,              }      Case Number  0406-05969
7                                   }      { Personal Injuries, Negligence,
              Plaintiff,            }      Negligence *Per Se,* Employer
8                                   }      Liability Law  - Chemical Exposure;
          v.                        }      Property Damages }
9                                   },
   **SOUTHWEST DISTRIBUTING CO.**    }
10  an active foreign (State of Arizona) }
    corporation, also doing business  }
11  under the name of **SWD URETHANE** }      **ATTACHMENT A**
    **COMPANY; STEVEN J. PERKINS,**   }      to Summons
12  individually and in his official capacity }
                                     }      CASE CAPTION
13  as President of **SOUTHWEST**      }
    **DISTRIBUTING CO.,** and **STEVEN** }
14  **HURD,** individually and in his official }
    capacity as National Sales Manager of }
15  Southwest Distributing Co.,       }
                                     }
16              Defendants.           }

17

18

19

20

21

22

23

24

25

26

Page    1.    ATTACHMENT A to Summons - Case Caption

Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1390  Yeon Building
522  SW  5th Avenue
Portland, OR  97204
503/ 226-1664    Fax, 503/ 525.0761

1

2

3

TRUE COPY

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF MULTNOMAH

0406-05969

6    STEVEN ROBERT OLEA,                    }    Case Number _____
                                            }
7              Plaintiff,                    }    **PLAINTIFF'S COMPLAINT**
                                            }
8              v.                            }    Personal Injuries, Negligence,
                                            }    Negligence *Per Se,* Employer Liability
9    **SOUTHWEST DISTRIBUTING CO.**          }    Law
     an active foreign (State of Arizona)   }    Chemical Exposure; Property Damage
10   corporation, also doing business       }
     under the name of **SWD URETHANE**      }
11   **COMPANY**; **STEVEN J. PERKINS,**      }
     individually and in his official capacity }
12   as President of **SOUTHWEST**            }
     **DISTRIBUTING CO.,** and **STEVEN**     }    Claims Not Subject to Mandatory
13   **HURD,** individually and in his official }    Arbitration - Claims Exceed $50,000.00
     capacity as National Sales Manager of  }
14   Southwest Distributing Co.,            }    Request for Trial by Jury
                                            }
15                                          }
               Defendants.                   }
16                                          }

17   _____

18          For his claims for relief against the Defendants, Plaintiff, Steven Robert Olea, alleges as

19   follows:

20                              **FIRST CLAIM FOR RELIEF**

21                                         1.

22          A.    At all material times, Defendant **Southwest Distributing Co.** was an active foreign

23   business corporation, and currently is an active foreign corporation, that was organized and

24   incorporated, under the laws of the State of Arizona on May 5, 1972, and has been actively operating

25   and doing business under the assumed business trade name of **SWD Urethane Company.**

26

Page    1.  PLAINTIFF'S COMPLAINT
        Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
                    Ransom, Gilbertson , Martin & Ratliff, LLP
                            Suite 1300  Yeon Building
                            522 S.W. 5th Avenue
                            Portland, OR 97204
                    503/ 226-3664; Fax: 503/ 525 0761

1    April 9, 2001.  Plaintiff's employment was involuntarily terminated by Defendant Southwest

2    Distributing Co. on September 25, 2002.

3                        7.

4        As Northwest Technical Sales Manager, Plaintiff sold chemical systems and chemical

5    equipment to customers, such as molders, for processing chemicals, and Plaintiff also provided

6    technical assistance relating to development of new products by the molders who were customers of

7    Defendant Southwest Distributing Co.

8                        8.

9        While employed as Technical Sales Manager for Defendant Southwest Distributing Co., the

10    majority of Plaintiff's customers resided in the State of Oregon or did business in Oregon, and the

11    majority of Plaintiff's sales on behalf of Defendant Southwest Distributing Co. occurred in the State

12    of Oregon, and the majority of Plaintiff's time was spent in Oregon.

13

14                        9.

15        At all material times herein, Defendant Steven J. Perkins was President of Defendant

16    Southwest Distributing Co.

17                       10.

18        At all material times herein, Defendant Steven Hurd was Plaintiff's supervisor and National

19    Sales Manager for Defendant Southwest Distributing Co.

20                       11.

21        Plaintiff's employment was involuntarily terminated on September 25, 2002, after Plaintiff

22    sustained serious, permanent work-related injuries when he was over-exposed to hazardous chemicals

23    on July 9, 2002 and July 12, 2002, after being ordered to work around those chemicals by Defendants

24    without appropriate safety equipment.

25

26

Page    3.  PLAINTIFF'S COMPLAINT

Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1390 Yeon Building
522 SW 5th Avenue
Portland, OR 97204
503/ 226-3664; Fax: 503/ 525-0761

B.  At all material times, the corporate offices of Defendant Southwest Distributing Co.,
SWD Urethane Company were located at the following physical address: 222 South Date Street.
Mesa, Arizona 85201.

2.

At all times material herein, Defendant Southwest Distributing Co., SWD Urethane
Company, manufactured, transferred, and sold polyurethane related chemical systems. Polyurethane
related products developed, transferred and sold by Southwest Distributing Co. included, but were
not limited to, mattress foam, insulation, and coatings.

3.

A.  Polyurethane components and compounds, polyurethane related chemicals, contain a
significant amount of lead catalyst.

B.  Isocyanate, also known as diisocyanate, contains extremely dangerous sensitization
properties that subsequently induced undue sensitivity in Plaintiff to the diisocyanate substance.

4.

At all times material herein, Defendants Southwest Distributing Co. and SWD Urethane
Company have been actively conducting business in the State of Oregon, although at all material
times Defendant Southwest Distribution Co. was not licensed, authorized, or registered by and
through the offices of the State of Oregon Corporation Commissioner, Department of the State of
Oregon Secretary of State, to conduct, transact, and perform business within Oregon.

5.

At all material times, Plaintiff, Steven Robert Olea, was a resident of the City of Aloha,
County of Washington, State of Oregon.

6.

Plaintiff was hired by Defendant Southwest Distributing Co. as Technical Sales Manager on

2.  PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al

1

12.

2      **Over-Exposure to Unknown Concentrations of Hazardous Chemicals on July 9, 2002**

3          Plaintiff was over-exposed to hazardous chemicals on July 9, 2002 when Defendants ordered

4      Plaintiff to investigate a spill of hazardous chemicals at the Honeywell International, Inc. facility in

5      Phoenix, Arizona. By ordering Plaintiff to investigate that spill, the Defendants, and each of them,

6      recklessly and negligently endangered Plaintiff's health and life, by ordering and allowing Plaintiff to

7      work in a small unventilated area (approximately 15 feet by 30 feet by 10 feet) containing hazardous

8      MDI, also known as diisocyanate, without protective clothing and fresh air purifying respiratory

9      protection with a self contained breathing apparatus.

10

13.

11

12      **Over-Exposure to Unknown Concentrations of Hazardous Chemicals on July 12, 2002**

13          Plaintiff was also ordered by Defendants to spray half pound spa foam materials for product

14      development. That task was performed at the SWD Urethane Co. polyurethane plant, and involved

15      high pressure, intense spraying of unknown concentrations of polyurethane components and

16      compounds (polyurethane related chemicals) and polyurethane foam from 6:00 a.m. to 6:00 p.m. on

17      July 12, 2002 within a confined area with inadequate ventilation, located at the warehouse of

18      Defendant Southwest Distributing Co.'s industrial plant complex. The physical address of the plant

19      complex was 539 South Drew Street, Mesa, Arizona. The unknown concentration of the hazardous

20      chemicals most likely exceeded permissible exposure limits.

21

14.

22          Plaintiff was not provided protective gear (clothing, garments) or an adequate clean air

23      purifying respirator during the high pressure, forceful spraying of the polyurethane foam

24      (polyurethane components and compounds) for 12 hours on July 12, 2002, within a confined area

25      where air became contaminated by unknown concentrations of hazardous polyurethan related

26

Page

4. PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al

Ransom, Gilbertson , Martin & Ratliff, LLP
Suite 1300 Yeon Building
522 SW 5th Avenue
Portland, OR 97204
503/ 226-3664; Fax: 503/ 525.0761

1  chemical substances, including isocyanates and hazardous gas or vapor substances in room

2  temperatures of 110 degrees to 115 degrees

3                                    15.

4      At the insistence of Defendants, Plaintiff was ordered to pour and hand-mix concentrated

5  hazardous waste substances, developed from the foregoing identified  intense high-pressure spraying,

6  in five gallon pails, or buckets, on July 12, 2002 .  These substances were hand-mixed with a stick in

7  buckets to solidify the waste.  The concentration of these waste products consisted of the following

8  identified basic components:  isocyanate/ diisocyanate (that contains extremely dangerous

9  sensitization properties that subsequently induced undue sensitivity in Plaintiff to the substance),

10  polyol, methylene chloride, lead catalyst, and surfactant   After hand-mixing the hazardous chemical

11  wastes  solidification occurred very quickly.  This process created air contaminate toxic fumes and

12  mist that drifted around Plaintiff and the area within which Plaintiff was spraying .  The hardened

13  hazardous waste substances were subsequently disposed in a trash receptacle (dumpster) by

14  Defendant Southwest Distributing Co.  This hand-mixing of toxic substances, the solidification

15  process, occurred during approximately the last 20 minutes that Plaintiff worked on July 12, 2002.

16  This process over-exposed Plaintiff to highly harmful, concentrated and thick contaminate chemical

17  fumes directlyl onto Plaintiff's face in the confined area within which Plaintiff was spraying.  This

18  process causes temperatures between 180 degrees and 250 degrees in the solutions.

19

20                                    16.

21      At all material times herein, Defendants recklessly endangered Plaintiff's health and life on

22  the warehouse premises of Southwest Distributing Co. on July 12, 2002, when they ignored the

23  obvious and clear hazardous and unsafe conditions to which Plaintiff was exposed during the spraying

24  and hand-mixing of hazardous chemical wastes referred to hereinabove.

25  //

26

Page

5.  PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1390  Yeon Building
522 SW  5th Avenue
Portland, OR  97204
503/ 226-3664, Fax: 503/ 525 0761

17.

Plaintiff's over-exposure to polyurethane related chemicals on July 9, 2002 and on July 12, 2002, and Paintiff's injuries resulting from that extreme exposure were due to the willful negligence, carelessness, and recklessness of the Defendants in one or more of the following particulars:

A.   In failing to provide the proper and reasonable level of care necessary for Plaintiff's health and welfare when ordering Plaintiff to spray and mix polyurethane chemicals and compounds, causing injury and harm to Plaintiff.

B.   In failing to test the level of air contaminants, and failing to provide Plaintiff with an approved fresh air respirator and protective equipment for protection against unknown concentrations of iscocyanates and hazardous chemical substances or any other hazardous gas or vapor substances.

C.   In not preventing the toxic, fumes and mist from the polyurethane related chemicals to drift within the confined area where Plaintiff was spraying and to remain within that area for a period of 12 hours, when Defendants, and each of them, were aware that exposure could cause harm to Plaintiff.

18.

A.   As a reasonable foreseeable result of the negligence of the Defendants, Plaintiff was over-exposed to hazardous polyurethane compounds and components (polyurethane related chemicals), including diisocyanate, a toxin, referred to in the foregoing paragraphs, and Plaintiff has become permanently sensitized to polyurethane compounds and components, and has suffered the following injuries: (1) pulmonary dysfunction, respiratory illness; (2) reactive airway dysfunction / reactive airway disease (coughing and chocking when blowing air from the mouth); (3) tightness of the chest; (4) intense burning of the eyes; (5) tissue damage to the eyes; (6) watery eyes - eyes filled with tears from physical irritation; (7) flushed feeling in the cheeks; (8) burning sensation in the throat; (9) burning sensation in the lungs; (10) diffuse muscular pain; (11) kidney pain, and renal

Page

6.   PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1390  Yeon Building
522  SW  5th Avenue
Portland, OR  97204
503/ 226-3664; Fax: 503/ 525.0701

1    insufficiency; (12) conjunctivitis; (13) bronchitis; (14) shortness of breath; (15) difficulty breathing;

2    (16) extreme fatigue; (17) swelling of the bronchial tubes that restricted and reduced air flow; (18)

3    accelerated heart beat; (19) feelings of panic, caused, in part, by accelerated heart beat; (20) unusual

4    deep and rapid breathing (hyperventilation), causing excessive, harmful loss of carbon dioxide; (21)

5    abnormal accumulation of fluid in the lungs; (22) effusion; (23) weakening of the body muscles

6    caused by excessive fatigue and inability to exercise; (24) abnormal difficulty breathing in cold

7    weather, a frequent symptom of reactive airway disease; (25) mental pain.

8        B.    Some or all of these injuries are permanent.

9                                    19.

10                            Economic Damages

11                    Reasonable and Necessary Medical Expenses

12        A.    As a result of the foregoing identified injuries, Plaintiff has been required to obtain

13    reasonable and necessary services of medical doctors, a toxicologist and occupational health

14    professionals, and has incurred reasonable and necessary medical and health care expenses in the

15    amount not to exceed $100,000.00, subject to determination and amendment at the time of trial.

16

17        B.    As a result of the foregoing identified injuries, Plaintiff will incur future reasonable and

18    necessary medical and health care treatment in an amount not to exceed $50,000.00, subject to

19    determination and amendment at the time of trial.

20                                    20.

21                            Economic Damages

22                            Loss of Income

23        A. Plaintiff has acquired a permanent impediment caused by Plaintiff's over-exposure to

24    polyurethane compounds and components at the Honeywell International, Inc. facility in Phoenix,

25    Arizona on July 9, 2002, and at the industrial complex of Defendant Southwest Distributing Co. on

26

Page

7.  PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1390 Yeon Building
522 SW 5th Avenue
Portland, OR 97204
503/226-3664; Fax: 503/525.0761

1    July 12, 2002.   That impediment is the foregoing described serious allergic physical reaction, that has

2    resulted in economic damages sustained by Plaintiff through loss of income.

3         B.    As a reasonable result of the foregoing identified permanent injuries suffered by

4    Plaintiff and caused by the Defendants' negligence, Plaintiff has been permanently denied the

5    opportunity to participate in a technical profession he has performed since approximately1972, at the

6    age of 19, and Plaintiff's confidence in his proven abilities and accomplishments in the polyurethan

7    related chemicals industry and self-image of his professional reputation have been seriously

8    damaged.

9         C.    As a direct and proximate result of the negligence of the Defendants, Plaintiff has lost

10   wages, and sustained loss of income, in the sum of $180,000.00, and will continue to lose wages and

11   income in the future in the amount of $500,000.00, subject to amendment at the time of trial.

12                                        21.

13                              Non-Economic Damages

14        As a further reasonable foreseeable result of his injuries, Plaintiff has experienced pain and

15   suffering, and curtailment of his normal daily activities, all to his non-economic damages in the sum

16   of $1,000,000.00.

17

18                                        22

19                            Punitive, Exemplary Damages

20        A.    The foregoing identified actions of Defendants Southwest Distributing Co., doing

21   business as SWD Urethane Company, and Steven J. Perkins, and Steven Hurd were reckless, willful,

22   wanton, and malicious, and violated interests of Plaintiff and society, and were of a kind which

23   punitive damages would deter this blameworthy conduct.

24        B.    Plaintiff notices his intention to seek leave to amend his Complaint pursuant to Oregon

25   Revised Statute 31.725(2), to add a claim for punitive damages against Defendants.

26

Page   8. PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1390 Yeon Building
522 SW 5th Avenue
Portland, OR 97204
503/ 226-3664; Fax; 503/ 525.0701

## SECOND CLAIM FOR RELIEF

### Negligence *Per Se,* As a Matter of Law

23

Plaintiff realleges paragraphs one through 22 of his First Claim for Relief.

24

The Defendants violated state and / or federal law, including the Code of Federal Regulations (CFR) (executive-agency regulations) and Oregon Administrative Rules (OAR), in one or more of the following particulars, causing Plaintiff to sustain the economic and non-economic damages identified and set out in Plaintiff's first claim for relief.

A.   In failing to train employees in physical and health hazards of chemicals in the work area, in violation of 29 CFR 1910.1200(h)(2)(ii).

B.   In failing to evaluate the work place where polyurethane compounds and components, polyurethane related chemicals, were sprayed to determine if any spaces within that area were permit-required confined spaces, in violation of 29 CFR 1910.146 ©(1).

C.   In failing to inform employees exposed to the chemicals, by posting danger signs or by any other equally effective means advising of the existence and location of the permit spaces and the danger posed by the permit spaces in violation of 29 CFR 1910.146(c)(2).

D.   In failing to implement measures necessary to prevent unauthorized entry in an area containing hazardous chemicals in violation of 29 CFR 1910.146 (d)(1).

E.   In failing to identify and evaluate the hazards of permit spaces before employees entered them, in violation of 29 CFR 1910.146(d)(2).

F.   In failing to develop and implement the means, procedures, and practices necessary for safe permit space entry operations, in violation of 29 CFR 1910.146(d)(3)

G.   In failing to ensure the material safety data sheets (MSDS) were readily accessible

Page

9.   PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ranxom, Gilbertzon , Marrin & Ratliff, LLP
Suite 1390  Yeon Building
522  SW  5th Avenue
Portland, OR  97204
503/ 226-3664; Fax: 503/ 525-0761

1   during each work shift to employees when they are in their work areas in violation of 29 CFR

2   1910.1200(g)(8).

3      H.    In failing to fix work areas or work stations where hazardous, toxic, and/ or corrosive

4   materials are handled, by providing eyewash fountains and/ or deluge showers immediately available

5   for use, in violation of OAR 437.02-161(5)(a).

6      I.    In failing to hold regular safety committee meetings at least once a month; in violation

7   of OAR 437-40-47(2).

8

9      J.    In failing to post copies of the minutes the  safety committee meetings,  or make copies

10   of those minutes available for all employees; in violation of OAR 437-40-047(5)(a).

11      K.    In failing to make conveniently available a type of protector suitable for the intense

12   spraying of hazardous, toxic chemicals that was performed by Plaintiff, in violation of 29 CFR

13   1910.133(a)(1).

14

                                **THIRD CLAIM FOR RELIEF**
15

                      Violation of the Employer Liability Law  - ORS 654.305
16

          Plaintiff realleges paragraphs one through 24 of his First and Second Claims for Relief.
17

18                                           25.

19      At all times material herein, Defendants violated provisions of the Employer Liability Law,

20   ORS 654.305, in the following manner, causing Plaintiff to sustain the damages identified and set

21   forth in Plaintiff's  first claim for relief

22      A.    Defendants retained the right to control and monitor the safety of the work place where

23   Plaintiff was over-exposed to hazardous and carcinogenic polyurethane compounds and components

24   (polyurethane related chemicals),  and knowingly and willfully and negligently failed to control and

25   monitor the safety of that work place.

26      B.    Defendants failed to use every care, caution, and procedure with regard to safety when

Page
         10.   PLAINTIFF'S COMPLAINT
         Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al

1    Plaintiff was exposed to the hazardous and carcinogenic chemicals and materials.

2        C.    Defendants failed to adequately supervise work performed by its employees.

3                            **FOURTH CLAIM FOR RELIEF**

4            Loss and Destruction of Plaintiff's Personal Property:

5                                        26.

6        Plaintiff realleges paragraphs one, two, and four, and paragraphs five through ten of his First

7    Claim for Relief.

8                                        27.

9        A money judgment should be awarded against Defendants for the replacement value of the

10   following identified personal equipment owned by Plaintiff during the period he was employed by

11   Southwest Distributing Co. and discarded or destroyed by Defendants.  Prior to the termination of

12   Plaintiff's employment, this personal property was stored in the laboratory of Defendant Southwest

13   Distributing Co..  The property was negligently broken, destroyed, or discarded by Defendants after

14   Plaintiff's employment was terminated on September 25, 2002.

15

16   •    A mold built, designed, engineered and used by Plaintiff through the assistance and technical

17        knowledge provided by  Polymer Development Laboratories in Orange, California) for the

18        purpose of revolutionizing mold technology, mold making materials, mold designs, parting

19        lines, line improvement, and elimination of flash (excess waste).   The expense of a mold is

20        one of the  most expensive component of new product development, and Plaintiff used the

21        mold for Defendant SWD Urethane Company's benefit by teaching  SWD's  technical

22        personnel, including its sales and laboratory staff, the process of polyurethane  mold making

23        and by displaying new mold technology to the staff.  Defendant Southwest Distributing

24        Company discarded this mold in a dumpster. The replacement value for that mold in the

25        current market is approximately $35,000.00.

26

Page

Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ransom, Gilbertson , Martin & Ratliff, LLP
Suite 1390  Yeon Building
522 SW 5th Avenue
Portland, OR 97204
503/ 226-3664; Fax: 503/ 525.0761

1    Plaintiff should be awarded a money judgment against Defendants for the sum of $35,000.00 for the

2    current replacement value of this mold. .

3    •    A chopper motor for fiberglass with mounting bracket distributed by Binks-Polycraft, used

4         by Plaintiff for the benefit of Defendant Southwest Distributing Co. to chop fiberglass into

5         long continuous strands and quarter inch lengths for spraying into the polyurethane spray

6         pttern in a cured, dried, solid state to create stronger physical properties in the polyurethane.

7         The replacement value of this chopper motor in the current market is $2,700.00  This

8         equipment was broken during the process of packaging and shipping the motor from

9         Southwest Distributing Co. to Plaintiff

10   Plaintiff should be awarded a money judgment against Defendants for the sum of $2,700.00 for the

11   current replacement value of the Binks-Polycraft, chopper motor.

12

13

14

15   //

16   //

17

18

19

20

21

22

23

24

25

26

Page

12.  PLAINTIFF'S COMPLAINT

Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al

Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1300  Yeon Building
522 SW 5th Avenue
Portland, OR 97204
503/ 226-3664; Fax: 503/ 525 0761

1      **WHEREFORE**, Plaintiff prays for a judgment against the Defendants, and each of them, as

2   follows:

3      (1)   Economic Damages - Reasonable and Necessary Medical and Health Care Expenses:

4         A.  For a money judgment against Defendants in an amount not to exceed

5   $100,000.00 for reasonable and necessary medical and health care expenses incurred by Plaintiff,

6   subject to determination and amendment at the time of trial, as alleged in Plaintiff's first, second, and

7   third claims for relief.

8         B.  For a money judgment against Defendants in an amount not to exceed

9   $50,000.00, subject to determination and amendment at the time of trial, for reasonable and necessary

10   future medical and health care treatment, as alleged in Plaintiff's first, second and third claims for

11   relief.

12      (2)   Economic Damages - Loss of Past and Future Wages and Income:

13         A.  For a money judgment against the Defendants for the sum of $180,000.00 for

14

15   Plaintiff's loss of past wages and income, as alleged in Plaintiff's first, second and third claims for

16   relief.

17         B.  For a money judgment against the Defendants for the sum of $500,000.00 for

18   Plaintiff's loss of future wages and income, subject to amendment at the time of trial, as

19      (3)   Non-Economic Damages:

20         For a money judgment against the Defendants for the sum of One Million Dollars

21   ($1,000,000.00) for pain and suffering sustained by Plaintiff and for curtailment of Plaintiff's normal

22

23   daily activities, as alleged in plaintiff's first, second, and third claims for relief.

24   alleged in Plaintiff's first, second and third claims for relief.

25   //

26

Page

13. PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1390 Yeon Building
522 SW 5th Avenue
Portland, OR 97204
503/ 226-3664; Fax: 503/ 525-0761

(4)    Economic Damages - Loss and Destruction of Plaintiff's Personal Property.

For a money judgment against Defendants for the sum of $37,700.00 for the

replacement value of personal equipment and property owned by Plaintiff and discarded, broken,

and/ or destroyed by Defendants, as alleged in Plaintiff's fourth claim for relief.

(5)    Costs and Disbursements:

For a money judgment against the Defendants for Plaintiff's costs and disbursements

otherwise prescribed by statute and incurred herein.

PLAINTIFF DEMANDS TRIAL BY JURY.

Date: June 9, 2004

Respectfully submitted,

Ransom, Gilbertson, Martin & Ratliff, L.L.P.

by:

Michael A. Gilbertson, OSB No. 89247
Of Attorneys for Plaintiff

Page    14.   PLAINTIFF'S COMPLAINT
Steven R. Olea v. Southwest Distributing Co., dba SWD Urethane Company, et al
Ransom, Gilbertson, Martin & Ratliff, LLP
Suite 1390 Yeon Building
522 SW 5th Avenue
Portland, OR 97204
503/ 226-3664; Fax: 503/ 525.0761